{¶ 32} I respectfully dissent.
 {¶ 33} On June 28, 2006, appellant filed a motion for limited remand for the trial court to include the psychological evaluation by Dr. Fabian. Pursuant to our August 2, 2006 judgment entry, this court granted appellant's motion to determine whether Dr. Fabian's report was before the trial court and inadvertently omitted from the record by error or accident. Pursuant to this court's remand, in its August 11, 2006 judgment entry, the trial court indicated the following: "Dr. Fabian's report was not made a part of the record in the form of an exhibit nor was it included in the pre-sentence investigation *Page 9 
report. IT IS THEREFORE ORDERED that Dr. Fabian's report is not part of the record in this case."
 {¶ 34} Here, the trial court ordered that appellant undergo a psychological evaluation. However, it was never made a part of the record. Before a trial judge may label a defendant a sexually oriented offender, he or she shall consider any mental illness or mental disability of the offender. R.C. 2950.09(B)(3)(g). An assumption can properly be made that the trial court used Dr. Fabian's report in sentencing appellant for rape as well as reaching its determination that appellant is a sexually oriented offender, and that the clerk lost the report. However, this writer notes that pursuant to Crim.R. 55(A), "[t]he clerk shall keep a criminal appearance docket * * * [and] shall chronologically note in the appearance docket all: process issued and returns, pleas and motions, papers filed in the action, orders, verdicts and judgments."
 {¶ 35} The consideration of appellant's assignments of error is complicated by the fact that the clerk's office apparently lost a significant part of the record. The "lost" psychological report places this court in a difficult position. However, the majority's decision to affirm the judgment of the trial court may wrongly penalize appellant. Because appellant takes issue with his mental competency in both of his assignments of error, I believe that this matter should be remanded for the trial court to locate Dr. Fabian's report and assemble a complete record.
 {¶ 36} For the foregoing reasons, I respectfully dissent. *Page 1